IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAWN GASTON, #M24670, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-02529-SMY |
| | ) |
| ANTHONY WILLS, | ) |
| LETOYA HUGHES, | ) |
| JENNIFER ALVIS, | ) |
| R. UDEY, | ) |
| JON LOFTUS, | ) |
| ILLINOIS DEPT. OF PUBLIC HEALTH, | ) |
| and JOHN JOEL, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Shawn Gaston, an inmate in the custody of the Illinois Department of Corrections incarcerated at Menard Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 arising from the alleged discovery of bugs in his breakfast food on October 12, 2023. (Doc. 1). Plaintiff seeks declaratory, monetary, and injunctive relief. *Id*. The Complaint is now before the Court for review under 28 U.S.C. § 1915A, which requires the Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim, or seeks money damages from an immune defendant. 28 U.S.C. § 1915A(a)-(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, p. 5): Plaintiff received a breakfast tray that was contaminated with bugs on October 12, 2023. Kitchen supervisors inspect food trays before they leave the kitchen, and Menard's North 2 Cell House staff double check the trays before passing them out to inmates. Even so, the third shift staff served inmates breakfast

trays containing bugs in Menard's North 2 Cell House. Plaintiff later learned that the bugs were "wee[v]les" found in the oatmeal. *Id*.

The inmates complained to "every officer in the building," including sergeants, lieutenants, and majors. *Id*. Plaintiff then submitted a grievance to Counselor Jennifer Alvis, who did nothing about it. The grievance was then sent to R. Udey, Kevin Reichert, Anthony Wills, and Paige Long, but "no one did anything." *Id*. Plaintiff never received a sick call or a response indicating what steps would be taken to prevent future food contamination. He faults all defendants and the kitchen staff for failing to ensure proper compliance with food handling standards set by the Illinois Department of Public Health. *Id*.

## **Preliminary Dismissals**

Plaintiff mentions the following individuals or groups in the statement of his claim but does not identify them as defendants in the Complaint: Paige Long, Kevin Reichert, kitchen supervisor, North 2 Cell House staff, third shift staff, and "every officer in the building." (Doc. 1, p. 5). The Court will not treat these individuals or groups as defendants, and all claims against them are considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (title of the complaint "must name all the parties").

## **Discussion**

The Court designates the following claim in the *pro se* Complaint:

Count 1:   Eighth Amendment claim against Defendants for serving Plaintiff a breakfast traying containing weevils on October 12, 2023.

Any other claim mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

2

**Count 1**

Prison officials violate the Eighth Amendment when they respond with deliberate indifference to conditions that deny prisoners "the minimal civilized measure of life's necessities," including adequate food, shelter, clothing, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted). To state a colorable Eighth Amendment claim, Plaintiff must plead facts suggesting he suffered from an objectively serious deprivation and that each defendant responded to it with deliberate indifference. *Farmer*, 511 U.S. at 834.

Plaintiff describes a one-time occurrence of weevils or other bugs in his breakfast tray. Weevils are small beetles that commonly infest grains, like oatmeal. Their presence does not indicate spoilage, and ingestion generally does not cause illness. They are considered harmless.

In his statement of claim, Plaintiff does not allege that he ingested the bugs or suffered any harm, if he did ingest them. (Doc. 1, p. 5). However, in his grievance, he describes diarrhea and vomiting after beginning to eat his breakfast and realizing there were bugs in his food. *Id*. at 10. In either case, a single incident of food contamination does not support an Eighth Amendment claim. *See Franklin v. True*, 76 F.3d 381 (7th Cir. 1996) (one instance of food poisoning deemed insufficient to state conditions-of-confinement claim); *Hadley v. Dobucki*, 59 F.3d 173, 1995 WL 364225 (7th Cir. 1995) (occasional "foreign objects" such as tin foil found in prison food did not state Eighth Amendment claim). As such, Plaintiff has failed to allege a sufficiently serious deprivation. Count 1 is subject to dismissal on this basis alone.

Plaintiff also describes no deliberate indifference by the defendants. Defendant John Joel (food services program manager) is named as a defendant, but is not mentioned in the statement of claim. Invoking the name of a potential defendant is not enough to state a claim. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Section 1983 liability requires a plaintiff to demonstrate

each defendant's personal involvement in a constitutional deprivation. *See Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). Because Plaintiff does not allege that this defendant was present or personally involved in the food preparation, inspection, and distribution of breakfast trays on October 12, 2023, he states no viable claim against him.

Plaintiff also alleges that he filed a grievance and/or appeal with Jennifer Alvis (counselor), R. Udey (counselor), Jon Loftus (administrative review board), Anthony Wills (warden), and Letoya Hughes (IDOC Director), and they took no action in response to it. The grievance officers were notified of the food contamination *after* the one-time incident occurred. Their processing of the grievance filed after-the-fact does not give rise to a constitutional claim against them, even if they denied or mishandled the grievance or appeal. The alleged mishandling of grievances by those who did not participate in the underlying misconduct is insufficient to state a claim. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992) (failure of state prison officials to follow their own procedures does not violate the Constitution).

Plaintiff describes the Illinois Department of Public Health as the entity that establishes the standards for sanitation and food handling in Illinois but makes no allegations against this defendant. Even if he did allege misconduct by this defendant, he could not obtain monetary relief against it because it is a state agency that is immune from a suit for money damages under the Eleventh Amendment. *Wills v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989); *see Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages).

For the foregoing reasons, Count 1 will be dismissed against all defendants. And because an amendment would be futile in this particular case, the entire case will be dismissed with

prejudice. *See Esco v. City of Chicago*, 107 F.4th 673, 683 (7th Cir. 2024) ("District courts have broad discretion to deny leave to amend the pleadings where the amendment would be futile."); *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004) (leave to amend may be denied because of futility, undue delay, or dilatory motive).

## Disposition

The Complaint (Doc. 1) is **DISMISSED with prejudice** for failure to state a claim for relief. Plaintiff is **ADVISED** that the dismissal counts as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  April 15, 2025**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**